UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

| | |
|---|---|
| JOY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:24-cv-00566-CCB-SJF |
| | ) |
| CITY OF ELKHART, KRIS SEYMORE, | ) |
| DAN MILANESE, TRAVIS HAMLIN, | ) |
| ANDREW WHITMYER, SCOTT | ) |
| CLAYBAUGH, JAMES WRATHEL, | ) |
| MICHAEL VANSCOIK, DENISE | ) |
| HOUSER, DUSTIN YOUNG, BRANDON | ) |
| ROUNDTREE, VICKI E. BECKER, in their | ) |
| individual capacities, and the STATE OF | ) |
| INDIANA, | ) |
| | |
| Defendants. | |

**DEFENDANTS' VICKI E. BECKER'S AND STATE OF INDIANA'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The Defendants, Vicki E. Becker ("Becker"), and the State of Indiana ("Indiana"), by counsel, Eichhorn & Eichhorn, LLP, submit the following memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    Introduction**

Plaintiff, Joy Phillips' ("Phillips") amended complaint seeks to pursue a First Amendment retaliation claim (ECF 8, Count I, p.32-35) against Becker and Indiana, along with derivative claims against them for failure to intervene (ECF 8, Count III, p.36-37), conspiracy (ECF 8, Count IV, p. 37-38), and a state law claim for intentional infliction of emotional distress (ECF 8, Count VI, p.39-40).  The factual allegations on which she bases her First Amendment retaliation claims against all Defendants are twofold:

1

1. Her refusal to sign a search warrant and telling her superiors she believed the search warrant was illegal; and,

2. Testimony during her grievance hearing (contesting her three-day suspension that followed) that she was ordered to sign an illegal search warrant, and there was other police misconduct within the Elkhart Police Department.

The viability of plaintiff's First Amendment retaliation claim turns on whether she made these alleged statements in her capacity as a private citizen or as part of her official duties as a police officer. Statements made as part of her official duties as a police officer are not protected by the First Amendment and therefore, they are not actionable. The determination of whether her alleged statements were made as a private citizen or in her official capacity as a police officer presents a question of law for determination by this Court. As set forth below, both statements on which she bases her complaint were made in her capacity as a police officer. Therefore, her First Amendment retaliation claim should be dismissed with prejudice. And, because her failure to intervene and conspiracy claims are derivative of her First Amendment retaliation claim, they must also be dismissed. Furthermore, even if she had pleaded a viable First Amendment retaliation claim, immunity protects Becker and Indiana from suit.

**II.     Facts alleged in the complaint.**

The factual allegations in Plaintiff's complaint, which are accepted as true for the purposes of this motion, claim the following:

Plaintiff, Joy Phillips, has been a police officer for 25 years. (Plaintiff's amended complaint, ECF 8, ¶ 1 and 49). She went to work for the Elkhart Police Department in July of 2016. (ECF 8, ¶ 4 and 50).

On July 14, 2022, Defendants Roundtree and Whitmyer instructed Phillips to write a search warrant, which she believed was illegal. (ECF 8, ¶ 12, 70 and 71). Phillips refused to sign the warrant because she did not believe there was probable cause to do so. (ECF 8, ¶ 74 and 75). Phillips told Roundtree and Whitmeyer that "I will not do anything illegal, unethical or immoral and I'm willing to take the write up for refusing to do something when I am within my right to refuse." (ECF 8, ¶ 14 and 78). As a result of her refusal to sign the search warrant, Phillips was disciplined with a three-day suspension. (ECF 8, ¶ 19, 94 and 95). She contends her suspension was retaliation for refusing to sign the warrant. (ECF 8, ¶ 97).

Phillips filed a grievance challenging the three-day suspension through the formal grievance process. (ECF 8, ¶20 and 99). She had a grievance hearing before the Board of Public Safety on October 11 and 25, 2022. (ECF 8, ¶ 21, 99 and 100). During her hearing Phillips testified that she was ordered to sign a search warrant without probable cause (ECF 8, ¶ 104), and there was additional police misconduct going on within the Elkhart Police Department, including that Defendant Young was a "Brady" officer. (ECF 8, ¶ 21, 106 and 107).

Vicki Becker, who is the elected Elkhart County Prosecutor (ECF 8, ¶ 23), was present for Phillip's grievance hearing before the Board of Safety. (ECF 8, ¶ 23 and 118). Becker attended the hearing at the request of the City of Elkhart. (ECF 8, ¶ 120). She was concerned that information from an ongoing investigation might be discussed in a public forum and taint future evidence that would come in. (ECF 8, ¶ 121). Becker had previously testified that the Elkhart County Prosecutor's Office did not maintain a Brady list and did not refer to officers as Brady officers. (ECF 8, ¶27, 28 and 130). Phillips contends that her testimony before the Board of Safety exposed that Becker was covering up police misconduct. (ECF 8, ¶ 29).

3

As a result of her testimony before the Board of Public Safety, Phillips contends that on October 28, 2022, Becker wrote a letter to the City of Elkhart and more particularly, Chief Seymore, to retaliate against her and end her career. (ECF 8, ¶ 31 and 132). A true and correct copy of the letter is attached hereto as Exhibit A.[1]

The City of Elkhart sought to terminate Phillips. (ECF 8, ¶ 33 and 142). Phillips was placed on indefinite administrative leave on November 1, 2022. (ECF 8, ¶ 143). Thereafter, Phillips was terminated by the Elkhart Police Merit Commission at the request of Codefendants, Seymore and Milanese. (ECF 8, ¶ 184).

Based upon these alleged facts, Phillips filed a complaint asserting a claim under 42 USC §1983. (ECF 8, ¶40). She alleges claims against Becker and Indiana for First Amendment retaliation (ECF 8, Count I), failure to intervene (ECF 8, Count III), conspiracy to deprive Constitutional rights (ECF 8, Count IV), and intentional infliction of emotional distress. (ECF 8, Count VI).

### III. Discussion

#### A. Standard of review

A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A pleading that contains only a "the-defendant unlawfully-harmed-me accusation" is not sufficient to meet the requirements of Fed.R. Civ. P. 8, but the Rule does not require detailed factual allegations either. *Id*. at 678. Rather, what is required is sufficient factual matters, accepted

---

[1] " '[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[er] claim.' " *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) *quoting 188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735 (7th Cir. 2002) *quoting Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

as true, that "state[s] a claim to relief that is plausible on its face." *Id*. A pleading is not sufficient if it merely provides "'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action….'" *Id*.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, the Court "is not bound by the nonmoving party's legal characterizations of the facts." *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

Factual allegations in the complaint must be sufficient to raise the possibility of relief above a speculative level, assuming that all the factual allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007). Detailed factual allegations are not required, but plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court may take into consideration documents incorporated by reference to the pleadings and may take judicial notice of matters of prior judicial proceedings. *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008); *see also U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

**B.     Plaintiff has not pleaded a viable claim for First Amendment retaliation claim against Becker or the State of Indiana.**

"A policeman may have a constitutional right to talk politics, but he has no constitutional right to be a policeman." *Connick v. Myers*, 461 U.S. 138, 143–44, 103 S. Ct. 1684, 1688, 75 L. Ed. 2d 708 (1983) *citing McAuliffe v. Mayor of New Bedford*, 155 Mass. 216, 220, 29 N.E. 517, 517 (1892). "There is considerable value ... in encouraging, rather than inhibiting, speech by public employees." *Lane v. Franks*, 573 U.S.228, 236, 134 S.Ct. 2369, 2377, 189 L.Ed.2d 312(2014). However, "government offices could not function if every employment decision became a constitutional matter." *Connick*, 461 U.S. at 143. Thus, "[w]hen a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).

*Garcetti* requires a threshold determination whether the public employee spoke in her capacity as a private citizen or as an employee. *Chaklos v. Stevens*, 560 F.3d 705, 711–12 (7th Cir. 2009) *citing Renken v. Gregory*, 541 F.3d 769, 773 (7th Cir.2008). If a public employee speaks pursuant to her official duties, she is not speaking as a private citizen, and the First Amendment will not shield her from an employer's control and discipline. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 527, 142 S. Ct. 2407, 2423, 213 L. Ed. 2d 755 (2022) (cleaned up); *Fehlman v. Mankowski*, 74 F.4th 872, 875 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 561, 217 L. Ed. 2d 299 (2024); *Spiegla v. Hull*, 481 F.3d 961, 964 (7th Cir. 2007).

To state a viable claim for First Amendment retaliation, a public employee must plead facts that show:

(1) she made the speech as a private citizen;

(2) the speech addressed a matter of public concern; and,

> (3) her interest in expressing that speech was not outweighed by the state's interests as an employer in promoting effective and efficient public service.

*Davis v. City of Chicago*, 889 F.3d 842, 845 (7th Cir. 2018). "The determination of whether speech is constitutionally protected is a question of law." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016) *citing Houskins v. Sheahan*, 549 F.3d 480, 489 (7th Cir. 2008); *see also, Navratil v. City of Racine*, 101 F.4th 511, 519 (7th Cir. 2024).

Phillips has pleaded two different statements as the basis for her First Amendment retaliation claim. First, she alleges that on July 14, 2022, she refused an order to sign a search warrant, claiming the search warrant was illegal because it lacked probable cause. Second, she alleges that at her grievance hearing (contesting her three-day suspension that followed), she testified that she was ordered to sign a search warrant without probable cause, and there was additional police misconduct going on within the Elkhart Police Department.

Both alleged statements that form the basis for Phillips' Amended Complaint fall within her official duties as a police officer and are, therefore, not protected by the First Amendment. "Employees' statements about misconduct affecting an area within their responsibility are considered official-capacity speech even if those employees are not ordinarily responsible for investigating misconduct." *Fehlman v. Mankowski*, 74 F.4th 872, 875 (7th Cir. 2023) (cleaned up), *cert. denied*, 144 S. Ct. 561, 217 L. Ed. 2d 299 (2024). "In other words, we ask whether the speech owes its existence to a public employee's professional responsibilities.  If it does, then the employee speaks in [her] capacity as an employee rather than a private citizen and [her] speech is not protected." *Lett v. City of Chicago*, 946 F.3d 398, 400 (7th Cir. 2020).

The Seventh Circuit has held on a number of occasions that "a police officer's duty to report official police misconduct is a basic part of the job." *Forgue v. City of Chicago*, 873 F.3d 962, 967 (7th Cir. 2017) *citing Roake v. Forest Pres. Dist. of Cook Cty.*, 849 F.3d 342, 346 (7th

7

Cir. 2017) (holding that a police officer spoke as a public employee when he shared complaints "only with his employer, and the complaints focused exclusively on official misconduct by his fellow officers"); *Kubiak*, 810 F.3d at 481–82 (holding that a police officer's internal complaints alleging that a co-worker inappropriately yelled at her about a work-related report were "made as a public employee and not as a private citizen"); *Vose v. Kliment*, 506 F.3d 565, 571 (7th Cir. 2007) (holding that a police officer "was merely doing his job" when he reported suspected police misconduct to his superiors). Indeed, this conclusion makes sense because a police officer is "responsible for protecting the public from harm." *Kubiak*, 810 F.3d at 482. Therefore, Phillips' First Amendment retaliation claim should be dismissed with prejudice. *Lett*, 946 F.3d at 401 (affirming dismissal of complaint); *Davis*, 889 F.3d at 846 (affirming dismissal).

### C.     Phillip's failure to intervene claim must be dismissed because she has not pleaded a viable First Amendment retaliation claim.

In count III of her complaint, Phillips alleges that all the Defendants failed to intervene to prevent a violation of her Constitutional rights. Failure to intervene is a derivative claim that requires a viable, underlying constitutional violation. *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019). To state a viable failure to intervene claim, Phillips must plead facts that Becker and Indiana:

> (1) knew that a constitutional violation was committed; and
>
> (2) had a realistic opportunity to prevent it.

*Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) *citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation...." *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) *citing Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). "[T]here can be no liability

8

for failure to intervene if there was no underlying unconstitutional act." *Curtis v. Schwartz*, 856 F. App'x 44, 48 (7th Cir. 2021). As set forth in section B above, Phillips has not pleaded a viable First Amendment retaliation claim. Therefore, her failure to intervene claim must also be dismissed.

### D.   Phillip's conspiracy claim must be dismissed because she has not pleaded a viable First Amendment retaliation claim.

In count IV of her complaint, Phillips alleges all the Defendants engaged in a conspiracy to deprive her of her Constitutional rights. "A § 1983 conspiracy claim requires allegations that the defendants reached an agreement to deprive the plaintiff of her constitutional rights and that a member of the conspiracy took an overt act to deprive her of those rights." *See Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018). Like her failure to intervene claim, Phillips' conspiracy claim is a derivative claim based upon an underlying Constitutional violation. *Moore v. W. Illinois Corr. Ctr.*, 89 F.4th 582, 593–94 (7th Cir. 2023). "Without a viable federal constitutional claim, the conspiracy claim under § 1983 necessarily fails; there is no independent cause of action for § 1983 conspiracy." *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) *citing Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Because she has not pleaded a viable First Amendment retaliation claim, her conspiracy claim must also be dismissed with prejudice.

### E.   Eleventh Amendment immunity bars Plaintiff's claims against Indiana.

The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472, 107 S. Ct. 2941, 2945, 97 L. Ed. 2d 389 (1987) *citing Hans v. Louisiana*, 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890). §1983 does not alter this

9

premise. *Id.* "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309–10, 105 L. Ed. 2d 45 (1989) (cleaned up). Indiana has not waived its Eleventh Amendment immunity; to the contrary, Indiana's Tort Claims Act (ITCA) expressly reserves its immunity from suit in federal court. *See* Ind. Code §34-13-3-5(f)(1). Therefore, plaintiff's claim against Indiana must be dismissed.

### F. Immunity bars Plaintiff's claims against Becker.

"Prosecutors are protected by robust immunity from federal tort liability, whether common law or constitutional, ... for acts they commit within the scope of their employment as prosecutors." *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016). A prosecutor's core prosecutorial functions are protected from suit by an absolute immunity. *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). Prosecutors also enjoy a qualified immunity for investigative work. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993).

In determining whether actions taken by government officials enjoy absolute immunity or qualified immunity, the Supreme Court has stated courts should apply a "functional approach ... which looks to the nature of the function performed, not the identity of the actor who performed it." *Jones v. Cummings*, 998 F.3d 782, 787 (7th Cir. 2021) *citing Buckley*, 509 U.S. at 269 (cleaned up). Applying this functional approach establishes that Becker is protected from suit by absolute immunity for the actions which form the basis of Phillips' complaint.

Although Phillips alleges in rote fashion that she is suing Becker in her individual capacity, the factual allegations she has pleaded all set forth acts Becker took in her official capacity as prosecutor. The letter Phillps references (ECF 8, ¶31 and 132), summarizes Becker's evaluation of testimony at Phillips' grievance hearing and Becker's determination that the Elkhart County Prosecutor's Office would only prosecute cases in which Phillips was a material witness if they were able to corroborate the charge with independent credible evidence. She further put the police chief on notice of her determination that the prosecutor's office must disclose the grievance hearing testimony as impeachment information related to Phillips' reputation for dishonesty. Exhibit A.

"The duties of the prosecutor in h[er] role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Bianchi*, 818 F.3d at 318 *citing Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33, 96 S.Ct.968, 984, 47 L.Ed.2d 128 (1976). A prosecutor's duties include an affirmative obligation to disclose exculpatory and impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481 (1985). Becker's evaluation of the testimony at Phillips' grievance hearing and determination that this testimony triggered a disclosure requirement are core prosecutorial functions protected by absolute immunity. Prosecutors, like judges, are protected by an absolute immunity from federal tort liability for their prosecutorial acts because of concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014) *citing Imbler*, 424 U.S. at 423; *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565 (7th Cir. 2022).

11

The case of *Harrington v. Almy* is instructive. 977 F.2d 37, 38 (1st Cir. 1992). In *Harrington*, the district attorney, Almy, made the determination that he would refuse to prosecute cases brought by a particular police officer, Harrington. Almy sent a letter to the city informing of his decision. Ultimately, Harrington was terminated. As a result, Harrington sued the prosecutor alleging civil rights violations. On appeal, the First Circuit affirmed entry of summary judgment in favor of the district attorney "finding that policies of absolute immunity insulate the prosecutorial defendants from the claims the officer raises." *Id.* at 38. In reaching this conclusion, the First Circuit reasoned:

> The facts of *Imbler*, where a discredited prosecution spawned the civil rights action, frame the question in terms of the decision to charge. But, given the availability of immunity for the decision to charge, it becomes even more important that symmetrical protection be available for the decision not to charge. The asymmetrical availability of immunity only for prosecutions undertaken but not for those foregone should not be a factor which induces a prosecutor to choose to initiate questionable prosecutions relying upon witnesses the prosecution does not believe credible in order to avoid liability for declining to prosecute. Any lack of symmetry could only exacerbate "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

*Id.* at 41; *see also, Savage v. Maryland*, 896 F.3d 260, 265 (4th Cir. 2018)(Prosecutor has absolute immunity for letter informing City he would not call police officer as a witness). "Like our sister courts" have concluded, "prosecutors have absolute immunity from suits challenging their strategic decision not to call a police officer as a witness. . . ." *Harris v. Krasner*, 110 F.4th 192, 198 (3d Cir. 2024) *citing Savage supra*, and *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). Absolute immunity thus bars Phillips' claims against Becker.

Analysis under the standard for qualified immunity reaches the same result. Qualified immunity protects government officials from liability for damages unless they "violate clearly established statutory or constitutional rights." *Garcia v. Posewitz*, 79 F.4th 874, 879 (7th Cir. 2023)

12

*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *accord Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 567 (7th Cir. 2022). To be "clearly established," the right at issue must be so "beyond debate" that any reasonable official in the defendant's position would know that his actions would violate it. *Kisela v. Hughes*, 584 U.S. 100, 104, 138 S. Ct. 1148, 1152–53, 200 L.Ed.2d 449 (2018). And the undebatable right must be defined with particularity. *Garcia*, 79 F.4th at 880 c*iting Kisela* at 1152-53; *City of Escondido v. Emmons*, 586 U.S. 38, 42, 139 S. Ct. 500, 503, 202 L.Ed.2d 455 (2019); *Whitlock*, 596 F.3d at 412–13. Once the defense is raised, the plaintiff bears the burden of defeating it by showing that (1) the defendants violated a constitutional right and (2) the constitutional right was clearly established at the time of the violation. *Garcia*, 79 F.4th at 879 *citing Fosnight v. Jones*, 41 F.4th 916, 924 (7th Cir. 2022).

Becker's determination that the prosecutor's office would not prosecute Phillips' cases without independent corroborating evidence and putting the police chief on notice of her determination that the prosecutor's office must disclose Phillips' grievance hearing testimony as impeachment information do not violate a clearly established right. Quite the opposite, the Supreme Court has stated that the "prudent prosecutor will resolve doubtful questions in favor of disclosure. This is as it should be. Such disclosure will serve to justify trust in the prosecutor as the representative ... of a sovereignty ... whose interest ... in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Kyles v. Whitley*, 514 U.S. 419, 439, 115 S. Ct. 1555, 1568, 131 L. Ed. 2d 490 (1995) (cleaned up).

### G. Eleventh Amendment immunity bars Plaintiff's intentional infliction of emotional distress claim.

Phillips' final claim against Becker and Indiana alleges in rote fashion a claim for intentional infliction of emotional distress. (ECF 8, Amended Complaint, Count VI, p. 39-40). She alleges original jurisdiction pursuant to 28 USC § 1331 and §1343. (ECF 8, ¶ 41, p 6). However, the Seventh Circuit has found that intentional infliction of emotional distress is a state law tort claim recognized by the Indiana Supreme Court. *Filippo v. N. Indiana Pub. Serv. Corp.*, 141 F.3d 744, 750 (7th Cir. 1998) *citing Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). The Court would thus have supplemental jurisdiction over this state law claim under 28 U.S.C. §1367(a) if Phillips had pleaded a viable First Amendment retaliation claim.

Generally, the Court has discretion to decline to exercise its supplemental jurisdiction over a state law claim if it dismisses the claims over which it had original jurisdiction. 28 U.S.C. §1367(c)(3). "When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims. In determining whether to relinquish jurisdiction, a district court should weigh the factors of judicial economy, convenience, fairness, and comity." *Rongere v. City of Rockford*, 99 F.4th 1095, 1106 (7th Cir. 2024). A general presumption in favor of relinquishment applies. *Id.* In this case however, the Eleventh Amendment provides sovereign immunity for claims against Indiana, its political subdivisions and employees acting within their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, the IIED claim must be dismissed.

**Conclusion**

Phillips' Complaint fails to state a claim for First Amendment retaliation, failure to intervene, and conspiracy. Furthermore, immunity protects Becker and Indiana from suit. Therefore, these claims against Becker and Indiana should be dismissed with prejudice. Phillips' remaining claim for intentional infliction of emotional distress should be dismissed without prejudice.

                                            Respectfully submitted,

                                            **EICHHORN & EICHHORN, LLP**

                                            By: /s/ David J. Beach
                                                   David J. Beach, #18531-45
                                                   Carly A. Brandenburg, #27038-45
                                                   Attorneys for the Defendants,
                                                   Vicki E. Becker and State of Indiana

Eichhorn & Eichhorn, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
Phone: 219-931-0560
Fax: 219-931-5370
dbeach@eichhorn-law.com
cbrandenburg@eichhorn-law.com

## **CERTIFICATE OF SERVICE**

I, David J. Beach, certify that on the 27th day of September, 2024, I served a copy of the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ David J. Beach
David J. Beach