UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOY PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-CV-00566 |
| ) | |
| CITY OF ELKHART, KRIS SEYMORE, ) | |
| DAN MILANESE, TRAVIS HAMLIN, ) | |
| ANDREW WHITMYER, SCOTT CLAYBAUGH, ) | |
| JAMES WRATHEL, MICHAEL VANSCOIK, ) | |
| DENISE HOUSER, DUSTIN YOUNG, ) | |
| BRANDON ROUNDTREE, VICKI E. BECKER, ) | |
| In their individual capacities, and the STATE ) | |
| OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE PARTS OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)**

COME NOW the Defendants, City of Elkhart (the "City"), Kris Seymore, Dan Milanese, Travis Hamlin, Andrew Whitmyer, Scott Claybaugh, James Wrathell, Michael Vanscoik, Denise Houser, Dustin Young, and Brandon Roundtree (collectively, the "Elkhart Defendants"), by counsel, and file this Memorandum of Law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, their Motion to Strike parts of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

In support of their Motion to Dismiss, the Elkhart Defendants join and incorporate herein by reference the arguments in the Memorandum of Law filed by the co-defendants, Vicki E. Becker and the State of Indiana (the "Co-Defendants") [ECF 25], in support of the Co-Defendants' Motion to Dismiss [ECF 24] Counts I, III, and IV of Plaintiff's Amended Complaint. Co-

Defendants' arguments for the dismissal of Counts I, III, and IV apply equally to the Elkhart Defendants. *See* Fed. R. Civ. P. 12(g)(1) ("[a] motion under [Fed. R. Civ. P. 12] may be joined with any other motion allowed by this rule"), *World Kitchen, LLC v. Am. Ceramic Soc'y*, 2013 U.S. Dist. LEXIS 135225, *Hasse Constr. Co. v. Gary Sanitary Dist. Bd. of Comm'rs,* 2008 U.S. Dist. LEXIS 41326.  In support of the dismissal of Counts II, V, and VI of Plaintiff's Amended Complaint, the Elkhart Defendants refer this Court to the arguments in Section II below.

Alternatively, in the event any of the Plaintiff's claims against the Elkhart Defendants survive the Motion to Dismiss, the Elkhart Defendants move this Court for an Order that strikes paragraphs 185 through 226 and 243 of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f).  In support of their Motion to Strike, the Elkhart Defendants refer this Court to Section III below.

## Introduction

This case arises from allegations by Plaintiff Joy Phillips ("Plaintiff" or "Phillips"), a former detective of the Elkhart Police Department (the "EPD"), of retaliation and wrongful termination for exercising her First Amendment rights. [*See* ECF 8, *generally*]. Plaintiff seeks to hold the Elkhart Defendants liable for alleged retaliation against her for statements she made in from July and October 2022, and which culminated in her termination by the Elkhart City Police Merit Commission (hereinafter, the "Merit Commission"). All of Plaintiff's claims stem from alleged retaliation and wrongful termination for exercising her First Amendment rights. [ECF 8, at ¶¶237– 275].  However, Plaintiff made the statements that underlie her Amended Complaint in her capacity as a public employee pursuant to her official duties. Therefore, Plaintiff's First Amendment retaliation claim (Count I) should be dismissed with prejudice. Further, because Plaintiff's claims for supervisory liability (Count II), failure to intervene (Count III), conspiracy to deprive

constitutional rights (Count IV), violations of *Monell* by the City (Count V), and intentional infliction of emotional distress (Count VI) are derivative of Plaintiff's claim for First Amendment retaliation, they should also be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, despite the singular nature of Plaintiff's case, which concerns decisions and conduct that occurred in 2022, Plaintiff's Amended Complaint includes over **eight pages** of conclusory allegations concerning the Elkhart Police Department (hereinafter, "EPD") dating back to 1993, including claims of a racist "cop gang" within EPD, that have no bearing on the issues presented in this case. [ECF 8 at ¶¶185–226, 243]. These allegations are immaterial to Plaintiff's claims against the Elkhart Defendants. Rather, through these extraneous allegations, Plaintiff is attempting to transform this case into an unnecessary examination of events from more than 30 years ago that are of no moment to the claims of retaliation and wrongful termination that Plaintiff claims the Elkhart Defendants committed during the limited period of July 2022 through August 2023.

The allegations in paragraphs 185 through 226 and 243 of Plaintiff's Amended Complaint are immaterial, impertinent, and scandalous. The Plaintiff is introducing these unrelated matters solely to provoke emotion, cast the EPD in a derogatory light, and delay proceedings by requiring the City to investigate these irrelevant claims. Such extraneous information unduly prejudices the Elkhart Defendants by adding unnecessary clutter and prolonging litigation by forcing the parties to conduct – and potentially dispute –extensive discovery, and, thus, involve this Court and waste judicial resources.

Accordingly, for the reasons set forth more in Section I below, the Court should dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, in the event any of the Plaintiff's claims against the Elkhart Defendants survive the Motion to

Dismiss, the Elkhart Defendants, for reasons set forth in Section II below, respectfully move the Court for an Order pursuant to Fed. R. Civ. P. 12(f) that strikes paragraphs 185 through 226 and 243 of Plaintiff's Amended Complaint.

## I.   ELKHART DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

### A.   Relevant Background

This case arises from allegations by Phillips that she faced wrongful disciplinary action, including a three-day suspension, for exercising her First Amendment rights from July 12 through 14, 2022, when she refused her supervisors' requests to prepare and sign a search warrant believing that there was insufficient probable cause. [ECF 8, at ¶¶11-19, 74, 75]. Phillips aggrieved her suspension, a process that culminated in public hearings before the Board of Public Safety (the "BOS"), on October 11 and 25, 2022, at which Phillips testified, in relevant part, that three other detectives had allegedly refused to sign the search warrant; that her supervisors allegedly ordered her to violate the constitutional rights of Elkhart citizens; and that Defendant Dustin Young (a Seargent with EPD) was allegedly labeled a "Brady" officer. [*Id.*, at ¶¶20-21, 99–103]. Plaintiff's statements to the BOS are also the subject of her First Amendment claims. [*Id.*, at ¶¶8, 31, 32].

Following Phillips' public testimony before the BOS, which the co-defendant, Vicki Becker ("Becker"), the Prosecuting Attorney for Elkhart County, had attended, Becker directed a letter to Defendant Kris Seymore ("Seymore"), then the Chief of EPD, wherein Becker expressed her concerns that Plaintiff had a reputation for dishonesty. [*Id.*, at ¶¶22, 31, 132, 140]. On November 1, 2022, Seymore placed Plaintiff on indefinite administrative leave. [*Id.*, at ¶143]. Phillips was also ordered to surrender her weapon and badge as part of standard protocol. [*Id.*, at ¶144]. Following an investigation by the EPD, certain of the Elkhart Defendants requested Plaintiff's termination. [*Id.*, at ¶177]. In August 2023, the Merit Commission conducted a hearing on Defendants' request

for Phillips' termination, after which the Merit Commission voted to terminate Phillips. [*Id*., at ¶178, ¶184]. Plaintiff now seeks damages from the Elkhart Defendants for alleged violations of her constitutional rights, as well as for alleged intentional infliction of emotional distress secondary to her disciplinary sanctions and termination. [*Id*., *generally*].

Plaintiff filed her original Complaint on July 12, 2024 [ECF 1], which she later amended on August 5, 2024. [ECF 8]. Plaintiff's Amended Complaint alleges civil rights violations under 42 U.S.C. § 1983 against the Elkhart Defendants. *See id*., at ¶¶237–246 (Count I – First Amendment retaliation), ¶¶247–254 (Count II – supervisory liability), ¶¶255–259 (Count III – failure to intervene), and ¶¶260–266 (Count IV – conspiracy to deprive constitutional rights). Additionally, Plaintiff contends the City is liable under § 1983 for alleged EPD misconduct undertaken pursuant to City policies and practices. *See id*., at ¶¶267–271 (Count V – *Monell* Claim Against City of Elkhart). Lastly, Plaintiff claims she is entitled to damages under Indiana law governing claims for intentional infliction of emotional distress. *See id*. at ¶¶272–275 (Count VI). All of Plaintiff's claims stem from alleged retaliation and wrongful termination for having exercised her First Amendment rights in 2022. [ECF 8, at ¶¶237–275].

    **B.**    **Law and Argument in Support of Rule 12(b)(6) Motion to Dismiss**

The Elkhart Defendants join and incorporate herein by reference in its entirety the Standard of Review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) set forth in Section III(A) of Co-Defendants' Memorandum of Law. [ECF 25].

    **1.**    **Plaintiff's claims in Count I of her Amended Complaint for First Amendment retaliation against the Elkhart Defendants should be dismissed.**

Count I of Plaintiff's Amended Complaint fails to state a viable claim against the Elkhart Defendants and should be dismissed. To this end, the Elkhart Defendants join and incorporate

herein by reference the factual and legal arguments in Section III(B) of the Co-Defendants' Memorandum of Law [ECF 25]. Further, Plaintiff has no claim for First Amendment retaliation against the Elkhart Defendants because the statements that underlie Plaintiff's Amended Complaint were made in her official capacity as a member of the Elkhart Police Department.

### 2. Plaintiff's Claims in Count II of her Amended Complaint for supervisory liability against the Elkhart Police Defendants should be dismissed.

Plaintiff's supervisory liability claim must be dismissed because she has failed to plead a plausible cause of action. [*See* ECF 8, Count II, at ¶¶247-254]. Phillips alleges that the EPD Defendants – Seymore, Milanese, Whitmyer, Hamlin, Wrathell, Claybaugh, Houser, Roundtree, and Young – "were personally involved in the underlying allegations of misconduct and/or Plaintiff's grievance process." [*Id*., at ¶250]. However, under 42 U.S.C. § 1983, supervisory liability cannot be imposed absent a showing that the officers were personally responsible for depriving a constitutional right. *See Stockton v. Milwaukee Cnty*., 44 F.4th 605, 619 (7th. Cir. 2022). Since Plaintiff has not sufficiently pled a claim for First Amendment retaliation, she cannot prove that the EPD Defendants, individually and/or collectively, personally violated her constitutional rights. Consequently, her supervisory liability claim cannot survive.

Additionally, Plaintiff asserts in Count II that the EPD Defendants "failed to supervise the Defendant Officers" and their "subordinates," which purportedly led to violations of her First Amendment rights by these officers. [*Id*., at ¶¶247–254]. However, Section 1983 does not permit actions against individuals "merely for their supervisory role of others." *Doe v. Purdue Univ*., 928 F.3d 652, 664 (7th Cir. 2019) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000)). It is also "well established that there is no respondeat superior liability" under Section 1983. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Therefore, the EPD Defendants cannot be

held liable for the conduct of their "subordinates" secondary to their supervisory status. This is especially true where Plaintiff has failed to establish a violation of her constitutional rights.

> 3. **Plaintiff's claims in Count III of her Amended Complaint for failure to intervene against the Elkhart Defendants should be dismissed.**

Count III of Plaintiff's Amended Complaint fails to state a tenable claim against the Elkhart Defendants. [*See* ECF 8, at ¶¶255–259]. In support of dismissal of Plaintiff's claims in Count III that are directed at the Ekhart Defendants, the Elkhart Defendants join and incorporate herein by reference the factual and legal arguments in Section III(C) of the Co-Defendants' Memorandum of Law in support of their Motion to Dismiss. [ECF 25]. Further, Plaintiff's claims for failure to intervene must be dismissed because she has failed to plead a plausible cause of action. An underlying constitutional violation must exist for a failure to intervene claim to exist; liability for failure to intervene fails if no unconstitutional act occurred. *See Curtis v. Schwartz*, 856 F. App'x 44, 48 (7th Cir. 2021); *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). Plaintiff has not presented a viable First Amendment retaliation claim, so her claim for failure to intervene against the Elkhart Defendants should be dismissed.

> 4. **Plaintiff's claims in Count IV of her Amended Complaint for conspiracy to deprive constitutional rights against the Elkhart Defendants should be dismissed.**

Count IV of Plaintiff's Amended Complaint fails to state a viable claim against the Elkhart Defendants. [ECF 8, at ¶¶ 260–266]. In support of dismissal of the Plaintiff's claims in Count IV that are directed at the Ekhart Defendants, the Elkhart Defendants join and incorporate herein by reference the factual and legal arguments in Section III(D) of the Co-Defendants' Memorandum of Law. [ECF 25]. Further, Plaintiff's claims for conspiracy to deprive constitutional rights must be dismissed because she has failed to plead a plausible cause of action. Plaintiff has not pled a viable First Amendment retaliation claim. Therefore, her conspiracy claim cannot stand, as there is no

separate cause of action for conspiracy under § 1983. *See Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016).

> **5. Plaintiff's claims in Count V of her Amended Complaint for *Monell* violations by the City of Elkhart should be dismissed because a single incident of unconstitutional conduct is insufficient to support a *Monell* Claim.**

Plaintiff's "*Monell* claim" against the City of Elkhart must be dismissed because she has failed to plead a plausible cause of action. [*See* ECF 8, at ¶¶267–71]. Without an underlying constitutional violation, the Plaintiff cannot sustain a claim under *Monell*. *See Sallenger v. City of Springfield, Ill.*, 630 F. 3d 499, 504 (7th Cir. 2010) (a *Monell* claim against a municipality fails where there is no underlying constitutional violation by a municipal employee); *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (an employee's speech was not protected by the First Amendment, and thus, there could be no municipal liability under *Monell* without an underlying constitutional violation); *also Windle v. City of Marion, Ind.*, 321 F. 3d 658, 663 (7th Cir. 2003). Plaintiff's *Monell* claim against the City is derivative of her First Amendment retaliation claim. Therefore, it should also be dismissed.

Alternatively, even assuming *arguendo* that the EPD Defendants violated Plaintiff's First Amendment rights (which the Elkhart Defendants strenuously deny), a solitary instance of unconstitutional conduct – which is all the Plaintiff has alleged – is insufficient to meet the criteria for a viable *Monell* claim against the City. *See Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir.1981) ("allegation of a single incident of unconstitutional conduct by a municipal employee usually does not establish a sufficient basis for suing the municipality.")

Further, as discussed extensively in Section II below, the history of the EPD is of no relevance to Plaintiff's claims for alleged retaliation and wrongful termination for having exercised her First Amendment rights in 2022. As the Seventh Circuit has held, superficial and conclusory

allegations – like Plaintiff's allegations of misconduct against the EPD – are insufficient support for *Monell* claim. *See, e.g., McCauley v. City of Chicago*, 671 F. 3d 611, 618 (7th Cir. 2011). Therefore, Count V of Plaintiff's Amended Complaint against the City of Elkhart should be dismissed.

> **6. Count VI of Plaintiff's Amended Complaint for intentional infliction of emotional distress against the Elkhart Defendants should be dismissed because the Elkhart Defendants are immune from liability under Indiana's Tort Claims Act.**

Plaintiff's claim for intentional infliction of emotional distress ("IIED") must be dismissed because Plaintiff has failed to plead a plausible cause of action. [*See* ECF 8, at ¶¶272–275]. The Indiana Tort Claims Act provides immunity to public employees, including police officers, for actions taken while on duty and within the scope of their employment. *See City of Anderson v. Weatherford*, 714 N.E.2d 181, 185 (Ind. Ct. App. 1999) (holding police defendants immune from IIED liability when their conduct aligned with their official duties). At all times relevant to this Amended Complaint, the supervisory EPD officers acted within their scope of employment.

Plaintiff alleges, and the Elkhart Defendants agree, that the EPD officers acted "within the scope of their employment during the investigation [into Phillip's conduct] at issue." [ECF 8 at ¶44]. "In Indiana, an employee's tortious act may fall within the scope of his employment if his purpose was, to an appreciable extent, to further his employer's business." *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993) (quotation omitted). Thus, because the Defendant EPD officers were performing their official duties, they cannot be personally liable to Plaintiff for IIED.

Similarly, the City of Elkhart cannot be held liable for IIED where Plaintiff seeks to hold the City liable for the conduct of EPD Defendants while employed and acting within their scope of employment. [*Id*. at ¶46]. *See City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999) (noting the well-established rule that under the doctrine of respondeat superior, an employer is only liable for the acts of its employees which were committed within the scope of their

employment); *See Riffle v. Knecht Excavating, Inc*., 647 N.E.2d 334, 337 (Ind. Ct. App. 1995) (finding that because employee could not be held liable, "no action based solely on respondeat superior is maintainable against his employer"). Therefore, Plaintiff's claim for IIED against the Elkhart Defendants should be dismissed because the EPD Defendants are immune from liability. As such, there is no basis for the City to liable for IIED under respondeat superior.

> **7. Should any of the Plaintiff's state law claims survive the Elkhart Defendants' Motion to Dismiss, this Court should relinquish supplemental jurisdiction over those claims.**

When "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc*., 29 F.3d 1244, 1251 (7th Cir.1994); See 28 USCS § 1367(c)(3) (authorizing a district court's ability to relinquish supplemental jurisdiction over state law claims once Plaintiff's federal claims are properly dropped out of the case). "In determining whether to relinquish jurisdiction, a district court should weigh the factors of judicial economy, convenience, fairness, and comity." *Rongere v. City of Rockford,* 99 F.4th 1095, 1106 (7th Cir. 2024) (citing *Wright*, 29 F.3d at 1251). A general presumption in favor of relinquishment applies. *Id*.

There are three exemptions to this rule: when (1) "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court"; (2) "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort"; or (3) "when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. None of the exemptions apply here.

If the Court is not inclined to dismiss all of Plaintiff's state law claims (although it should) the Court should nonetheless refrain from exercising supplemental jurisdiction over the state law claims. Given that Plaintiff's claims of constitutional and federal law violations have failed, it would

be appropriate for the Court to relinquish jurisdiction over Plaintiff's state law claims. This would not run afoul of the exemptions because Plaintiff still has time to pursue these claims in state court, minimal judicial resources by this Court have been expended at this stage, and resolution of the state law claims remains uncertain. Again, however, this is only if the Court does not dismiss all of Plaintiff's claims – including her state law claims – for lack of merit.

### C. Conclusion

WHEREFORE, for all the foregoing reasons, the Elkhart Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to Rule 12(b)(6).

## II. ELKHART DEFENDANTS' RULE 12(b)(6) MOTION TO STRIKE

In the event any of the Plaintiff's claims against the Elkhart Defendants survive the Rule 12(b)(6) Motion to Dismiss, the Elkhart Defendants move this Court, in the alternative, for an Order that strikes paragraphs 185 through 226 and 243 of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

### A. Relevant Background

In addition to the alleged facts and circumstances that underlie Plaintiff's termination from the EPD, Plaintiff's Amended Complaint includes approximately eight pages of conclusory statements and allegations regarding a purported history of corruption, "systemic misconduct," and other alleged shortcomings and failures by the EPD "dating back" more than 30 years to 1993. [ECF 8 at ¶¶186–231]. These allegations, which are the subject of the Elkhart Defendants' motion to strike (hereinafter, the "Subject Allegations"), are as follows:

**Paragraphs 185 through 195,** which are under the heading "Defendant City of Elkhart has a pattern and practice of systematic police misconduct," consist of broad, argumentative

conclusions and purported examples of EPD's alleged history of officer misconduct. These include allegations that "[t]he Board of Public Safety's 1993 report found that some … officers used 'brutality,' and … that the Department failed to implement proper discipline of officers who commit misconduct." Paragraphs 185 through 195 are offered solely to support the unfounded inference that BOS findings of EPD misconduct 30 years ago are applicable to the modern EPD of which Plaintiff was a member. [ECF 8, at ¶¶185-195].

**Paragraphs 196 through 211**, which are under the heading "The systematic police misconduct at the Elkhart Police Department enabled a group of officers to create a gang referred to as 'the Wolverines' who were known to prey on people of color," include references to an alleged "cop gang" that originated in the early 1990s, and whose unnamed members were allegedly associated with the Ku Klux Klan. [*Id*., at ¶¶196-211]. Plaintiff contends that "nothing was done" about this rumored activity from decades ago, and that somehow such failure "directly led to Plaintiff's constitutional rights being violated." [*Id*., at ¶¶207-208].

**Paragraphs 212 through 219**, which are under the title, "A federal jury has already determined that Defendant City of Elkhart violated Christopher Parish's constitutional rights," piggy-back on the preceding conclusory allegations of historic EPD misconduct. These allegations include a summary of a lawsuit filed against the EPD *more than a decade ago*, which resulted in a jury verdict, in 2010, that found that the EPD had violated a plaintiff's civil rights. [*Id*., at ¶¶212-219].

**Paragraphs 220 through 226**, labeled "The City of Elkhart failed to provide sufficient training and supervision and has exhibited deliberate indifference," contain additional broad and argumentative conclusions based on historic examples and rumors that members of the EPD and City policymakers "failed to act to remedy the abuses described in the preceding paragraphs,

despite actual knowledge of the pattern of misconduct." [*Id.*, at ¶220–26]. Lastly, **Paragraph 243** alleges that unnamed municipal policymakers and the Defendant City of Elkhart are complicit in a "code of silence" that encourages future abuses. [*Id.*, at ¶243].

    B.    <u>**Legal Standard**</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The term "scandalous" refers to material that casts an unjustly derogatory light on a party involved in the litigation. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure (Civil) 2d* § 1382, at 712 (1990). Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distribution, Co.*, 961 F.2d 654, 664 (7th Cir. 1992). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Patrick Collins v. Bolinger*, 2013 U.S. Dist. LEXIS 205192, *2 (S.D. Ind. Oct. 28, 2013).

Although motions to strike are generally disfavored, they may be granted when they serve to "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure (Civil) 2d* § 1382, at 714 (1990) ("the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations.").[1] Finally, this Court "has considerable discretion" under Rule 12(f) "in striking any redundant, immaterial,

---

[1] Indeed, the relief provided for in Rule 12(f) need not be granted only upon motion of a party; consistent with the Court's inherent powers to protect the decorum of proceedings before it, the Court may strike such material sua sponte. Fed. R. Civ. P. 12(f); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

impertinent or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th. Cir. 2009); *Talbot,* 961 F.2d at 665 (the decision whether to strike material is within the sound discretion of the court). For the following reasons, this Court should strike paragraphs 185 through 226 and 243 of the Plaintiff's Amended Complaint.

    **C.    Paragraphs 185–226 and 243 of Plaintiff's Amended Complaint should be stricken as immaterial, impertinent, and scandalous matter that only seeks to prejudice the Defendants and distract from the issues relevant to the instant controversy.**

The recent case of *Williams-Saddler v. Lancaster* illustrates the appropriateness of the Defendants' motion to strike. *See* No. 2023-CV-04815, 2024 U.S. Dist. LEXIS 70512, *3-5 (N.D. Ill., April 18, 2024). There, the court struck from plaintiff's amended complaint conclusory allegations related to historical incidents of police misconduct and excessive force, finding them immaterial to the plaintiff's claims, which occurred in 2023, whereas the earliest incident discussed in the amended complaint occurred in 2014. *Id*. The court concluded that the allegations contained in the Complaint were "so old and outrageous" that they did not materially assist in evaluating the City's customs or practices regarding excessive force in 2023. *Id*. at *5. Therefore, the court "disregarded th[o]se allegations in assessing the plausibility of Plaintiffs' claim against the city" and ordered them stricken. *Id*. However, the court permitted Plaintiff to file a further amended complaint with limited references to historical context, emphasizing the necessity for relevance to the plaintiff's claims. *Id*.

As in *Williams-Saddler,* Plaintiff's inclusion in her Amended Complaint of lengthy accusations concerning misconduct by Elkhart Police officers that date back 30 years ago lack relevance to her claims. Instead, these historical references of wrongdoing by EPD are so far removed from the instant case that they do not assist in evaluating the City's customs or practices today, nor do they have any bearing on Plaintiff's claims regarding her termination and alleged

retaliation for exercising her First Amendment rights.

Furthermore, the Plaintiff has not demonstrated any connection between the former EPD officers mentioned in the Subject Allegations and her claims, which accrued during 2022-2023. Regarding the City, the essence of the Plaintiff's claims is that the City did not adequately train, instruct, supervise, or control its police officers. [*See* ECF 8, at pp. 38-39 (Count V – *Monell claim*)]. Plaintiff's allegations of "historical" police misconduct dating back to 1993, including claims of a "cop gang" and a "code of silence," cannot plausibly establish any connection between these allegations and Plaintiff's termination in 2023. Misconduct by one officer decades ago does not relate to another officer's alleged misconduct that occurred years later. *See, e.g.*, *Porter v. Pipefitters Ass'n Local Union 597, U.A.*, No. 12-cv-9844, 2013 U.S. Dist. LEXIS 130879, *5 (N.D. Ill. Sept. 12, 2013) (striking over 70 allegations because "lengthy recounting of racial discrimination going back over a century" was irrelevant to plaintiffs' claims "as well as impertinent and inflammatory"). Any connection is extremely tenuous, and the Subject Allegations fail to meaningfully address the conduct and decisions of the Elkhart Defendants between 2022 and 2023, which are the focus of Plaintiff's Amended Complaint.

Additionally, the Subject Allegations are scandalous, impertinent, and inflammatory and serve only to stir emotions, cause public outrage, and portray the Elkhart Defendants as inherent wrongdoers who deserve to be held liable regardless of the merits of Plaintiff's claims. Courts have struck such prejudicial allegations when they serve no legitimate purpose to the litigation. *See Talbot,* 961 F.2d at 665 (affirming trial court's discretion to strike prejudicial allegations as scandalous where the "facts" presented by Plaintiff were mere rumors); *Claybon v. SSC Westchester Operating Co. LLC,* No. 20-cv-04507, 2021 U.S. Dist. LEXIS 64067, at *6 (N.D. Ill. Apr. 1, 2021) (striking paragraphs as immaterial and scandalous because "[t]he allegation has no

relevance to Plaintiff's claims, and the Court questions why the allegation was included in the complaint other than to stir emotions."); *Bd. Of Educ. v. Argo Comm. High Sch. Dist. 217*, No. 06-cv-2005, 2006 U.S. Dist. LEXIS 46490, *2–3 (N.D. Ill. Jul. 10, 2006) (striking allegations that served "no purpose other than scandalizing defendants' conduct and converting litigation into theater").

Further, the irrelevant clutter of the Subject Allegations confuses the issues and creates undue burden on and prejudice against the Elkhart Defendants. As courts have explained when analyzing Rule 12(f) motions to strike, "[p]rejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (citing *Talbot*, 961 F.2d at 664). In *Hardin*, plaintiff's complaint contained factual averments that spanned 25 years which involved conversations that occurred as many as 10 years prior. *Hardin*, 188 F.R.D. at 512. Plaintiff has done the same thing here, and her conclusory statements against the Elkhart Defendants span more than 30 years and involve multiple actors. *Id.*

The *Hardin* court determined that a complaint like that filed by the Plaintiff makes it difficult for a defendant to respond because it places an unjustified burden on the defendant to sift through the allegations to ascertain the relevant material. *Hardin*, 188 F.R.D. at 512. The *Hardin* court further held that plaintiff's complaint was improper because plaintiff used his complaint as both pleading and argumentative brief. *Id.* Similarly, Plaintiff's conclusory and argumentative allegations of historic unlawfulness and wrongdoing by the EPD – not to mention the implications of same – are highly prejudicial and impose an undue burden on the Elkhart Defendants to respond to each allegation.

Additionally, the Subject Allegations are unduly prejudicial to Defendants because they

could mislead the factfinder to believe that the EPD's purported history of alleged wrongdoing is at issue in this case. These accusations will delay litigation by forcing the parties to debate the scope of discovery, potentially leading to a situation where the City is forced to re-litigate old matters that were previously decided or resolved. For this, as well as the other reasons expressed herein, paragraphs 185 through 226 and 243 should be stricken. Striking the Subject Allegations as immaterial, impertinent, and scandalous will help preserve the integrity of the judicial process, ensure that the proceedings remain focused on the relevant facts and allegations, and mitigate undue prejudice against the City of Elkhart.

## **CONCLUSION**

**WHEREFORE**, for all the foregoing reasons, the Elkhart Defendants respectfully request that this Court grant their Rule 12(b)(6) Motion to Dismiss and enter an Order dismissing all Counts against the Elkhart Defendants, with prejudice. Alternatively, in the event any of the Plaintiff's claims survive the Elkhart Defendants' Motion to Dismiss, the Elkhart Defendants, pursuant to Fed. R. Civ. P. 12(f), respectfully request that following relief:

A. Strike paragraphs 185 through 226 and 243 from Plaintiff's Amended Complaint.

B. In the alternative to Paragraph A, strike or dismiss Plaintiff's Amended Complaint in its entirety and direct Plaintiff to file a Second Amended Complaint that omits paragraphs 185 through 226 and 243.

C. In the alternative to Paragraphs A and B and in the event the Court denies the Motion to Dismiss and Motion to Strike, grant the Elkhart Defendants leave to file a responsive pleading within thirty (30) days of the date this Court enters its Order deny the motion.

D. For all other relief this Court deems just and necessary.

Respectfully submitted,

/s/ Rafael P. McLaughlin
Rafael P. McLaughlin (32466-02)
REMINGER CO., L.P.A.
1690 Broadway, Bldg. 19, Suite 10
Fort Wayne, IN 46802
T: 260-755-6210
F: 260-755-2346
rmclaughlin@reminger.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that September 27, 2024, I filed a copy of the foregoing *Elkhart Defendants' Memorandum in Support of their Motion to Dismiss and Motion to Strike* electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

| Attorneys for Plaintiff | Attorney for Co-Defendants |
|---|---|
| Elliot Slosar | State of Indiana & Vicki E. Becker |
| Elliot@loevy.com | David J. Beach |
| Jon Loevy | DBeach@eichhorn-law.com |
| Jon@loevy.com | Carly A. Brandenburg |
| Kathryn Montenegro | CBrandenburg@eichhorn-law.com |
| Katiem@loevy.com | Eichhorn & Eichhorn, LLP |
| Loevy & Loevy | |

/s/ Rafael P. McLaughlin
Rafael P. McLaughlin (32466-02)
REMINGER CO., L.P.A